JESSIE BURKS V. THE STATE OF TEXAS

NO. 07-00-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 15, 2000

______________________________

JESSIE BURKS,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 89-409,496; HON. BRADLEY S. UNDERWOOD, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Jessie Burks (Burks), presently incarcerated in the Institutional Division of the Department of Criminal Justice, has filed a “Notice of Appeal” seeking 1) to appeal from the 364
th
 District Court’s order denying him a free record and 2) an order requiring the Lubbock County District Clerk and the Court Reporter for the 364
th
 District Court of Lubbock County to provide him a free record.  Burks’s document appears to be both a direct appeal and a request for mandamus relief.  Because we lack jurisdiction to consider either the appeal or the petition for mandamus, we dismiss.  

Following a conviction of aggravated sexual assault, Burks was sentenced to fifty years imprisonment in the Texas Department of Criminal Justice Institutional Division on October 25, 1991.  He timely appealed his conviction that was affirmed by this court in an opinion issued on August 20, 1992, in cause number 07-92-0011-CR.  Subsequently, Burks filed two applications for post-conviction writs of habeas corpus and both were denied by the trial court.  Since that time he has filed the following hand-written documents with the district clerk:  1) “Appellant’s Motion/Petition, For A Copy of The Grand Jury Records and Transcripts,” that was filed in January, 1997, 2) “Plaintiff’s Motion to Obtain All Affidavits of States Witnesses and District Attorney’s Records, Notes, Brief’s (sic), Et. al, and 3) “Plaintiff’s Notice to Obtain Trial Transcript and Court Records, Grand Jury Proceeding.”  The latter two were filed in February of 1998.  

The trial court treated the two February documents as post-conviction writs of habeas corpus and denied both.
(footnote: 1)  Furthermore, the trial court forwarded to the Court of Criminal Appeals 1) a copy of “[Burks’s] Petition for Writ of Habeas Corpus and 2) a copy of the trial court’s “Findings of Fact and Conclusions of Law.”  On March 23, 1998, a clerk with the Court of Criminal Appeals informed the district clerk via letter that Burks’s “Motion to Obtain All Affidavits of States Witnesses and District Attorney’s Records, Notes, Brief’s (sic), Etc.” was not an application pursuant to Article 11.07 of the Texas Code of Criminal Procedure and that the trial court needed to rule on the motion.  In a letter dated April 15, 

1998, the trial court denied Burks’s request to obtain trial and grand jury proceeding transcripts and court records.

Burks then filed a document entitled “Notice of Appeal” which appears to have been received by the Lubbock County District Clerk on July 3, 2000 (more than two years after the trial court’s denial).  The envelope used in mailing the purported notice possesses two postmarks, one showing the date May 16, 1998 and the other June 15, 2000 with an apology from the U.S. Postal Service for its damaged condition from handling.  The “Notice of Appeal” further shows that it was received by the Lubbock County District Clerk on July 3, 2000.  

Because Burks is attempting to appeal from the April 15
th
 denial of his request for a free record and is requesting this court to order the court reporter and district clerk to provide him a free record, we will address both matters.  To the extent that Burks is attempting to appeal the district court’s April 15
th
 order, we note that his notice of appeal should have been filed with the district clerk no later than May 15, 1998.  Rule 9.2 (b) of the Texas Rules of Appellate Procedure allows for the filing of the notice by mail as long as the notice is “deposited in the mail on or before the last day for filing.”  
Tex. R. App. P.
 9.2 (b)(1)(C).  Therefore, Burks should have placed his notice in the mail no later than Friday, May 15, 1998.  However, as previously stated, he did not mail his notice until May 16, 1998, as evidenced by the postmark.  Furthermore, Burks failed to file a motion to extend the time for filing his notice of appeal, and fifteen days from the date the notice was 

due has already passed.  
Tex. R. App. P.  
26.3.  Therefore, because Burks failed to file a timely notice of appeal, we lack jurisdiction over his appeal.

To the extent that Burks is attempting to mandamus the district clerk and the court reporter, we lack authority to do so.  We note that in Burks’s “Notice of Appeal,” he requests this court to “enter an order directing the clerk and court reporter to provide copies or a transcript at no cost to [relator].”  Thus, we determine that he is asking this court to order the Lubbock County District Clerk and 364th District Court Reporter to provide him a free record.

Courts of appeals may only issue writs of mandamus against a district or county court judge within the court’s district or a district court judge who is acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure within the court’s district.  
Tex. Gov’t Code Ann.
 § 22.221 (Vernon Supp. 1999).  Since neither party has been alleged to be acting as a judge subject to our mandamus powers, we have no authority to grant the relief requested.  Accordingly, relator’s petition for writ of mandamus is denied.  
Tex. R. App. P. 
52.8(a). 

Because we lack jurisdiction over Burks’s appeal and the authority to issue mandamus, we dismiss both.

 

                                         Per Curiam 

Do not publish. 

 

FOOTNOTES
1:
As to the January petition requesting a copy of the grand jury proceedings, the only thing in the record addressing this matter is a letter from the district clerk stating that the records requested were “not on file in this office.”